IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodricka Jermaine Gambrell, | ) C/A No. 2:14-2848-RMG-WWD |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Warden of FCI Estill, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| _____ | ) |

Petitioner, Rodricka Jermaine Gambrell ("Petitioner"), is a federal prisoner in Federal Correctional Institution Estill ("FCI Estill") in Estill, South Carolina. Petitioner, proceeding pro se and in forma pauperis, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 180-month sentence imposed upon him by the United States District Court for the District of South Carolina, on April 3, 2007. See United States v. Gambrell, Crim. No. 6:06-cr-01094-GRA-2 (D.S.C.). This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for initial screening.

## PRO SE HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys; Gordon

_____

[1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b).

v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially-meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is challenging his enhanced sentence, imposed pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), after Petitioner's guilty plea convicted him of violating 18 U.S.C. § 922(g), i.e. being a felon in possession of a firearm.[2] In the instant § 2241 Petition, Gambrell asserts his "actual innocence of ACCA penalties." (Dkt. No. 1 at 1 of 7.) He states that he seeks to "correct [his] sentence removing" armed career criminal "status/penalties as [he] is actually innocent of ACCA penalties imposed." (Id.)

Petitioner alleges that upon his conviction of being a felon in possession of a firearm, he was sentenced to 180 months as an armed career criminal offender based on the following previous convictions: (a) assault and battery of a high and aggravated nature ("ABHAN") in November of 2001; (b) burglary of a dwelling in November of 1992; (c) arson in May of 1992; and (d) pointing a firearm in May of 1992. (See Dkt. No. 1 at 1 of 7.)

---

[2] The ACCA imposes a mandatory minimum fifteen-year sentence on felons who have three or more previous convictions for "a violent felony or a serious drug offense, or both," who unlawfully possess, among other things, firearms. See 18 U.S.C. § 924(e); see infra n.5.

Petitioner asserts in Ground One that, pursuant to <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), his ABHAN conviction "does not satisfy the term of 'a crime of violence.'" (Dkt. No. 1 at 2 of 7.) In Ground Two, Petitioner contends that the three other predicate offenses involved "consolidated sentences, without intervening arrest, resulting in 1 single conviction that cannot be used for ACCA purposes." (Dkt. No. 1 at 3-4 of 7.) According to Petitioner, his correct guideline range is 92-115 months. (<u>Id</u>. at 6 of 7.)

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010) (citing <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Generally speaking, a "a § 2255 motion 'attacks the legality of detention,'" whereas "a § 2241 petition 'attacks the execution of a sentence rather than its validity.'" <u>Brown v. Rivera</u>, Civ. A. No. 9:08-cv-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. Apr. 7, 2009) (quoting <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996), and citing <u>United States v. Miller</u>, 871 F.2d 488, 489-90 (4th Cir. 1989)). A petition pursuant to § 2241 must be brought against the warden of the facility where the prisoner is being held. 28 U.S.C. § 2241(a); <u>Rumsfeld v. Padilla</u>, 542 U.S. 426 (2004).[3] Because Petitioner is currently incarcerated in the District of South Carolina, this § 2241 petition was properly filed in this Court. However, the threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

---

[3]A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. <u>See</u> <u>United States v. Little</u>, 392 F.3d 671, 678-80 (4th Cir. 2004); <u>United States v. Miller</u>, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself").

Only if a federal prisoner can satisfy the savings clause of § 2255, may he pursue relief through a § 2241 habeas petition. See San-Miguel v. Dove, 291 F.3d 257, 260-61 (4th Cir. 2002); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).[4] The fact that relief under § 2255 is barred procedurally or by the gate-keeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332-33; Chisholm v. Pettiford, Civ. A. No. 606-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006); Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001) aff'd, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938 (2002). To trigger the savings clause of § 2255(e), and proceed under § 2241, requires that

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. The Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (concluding the petitioner's "challenge to his armed career criminal status is not cognizable in a § 2241 petition"); Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)

---

[4]The "savings clause states:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
28 U.S.C. § 2255(e).

4

(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Petitioner does not allege that the conduct for which he was sentenced, i.e. being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), has been rendered non-criminal by any substantive law change, and he is not entitled to proceed under § 2241.

## RECOMMENDATION

Based on the foregoing, it is recommended that the instant § 2241 Petition be dismissed without prejudice and without requiring Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 19, 2014
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).