IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Rodricka Jermaine Gambrell, ) | Civil Action No. 2:14-cv-02848-RMG |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Warden of FCI Estill, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge, (Dkt. No. 14), recommending this Court dismiss Petitioner's § 2241 Petition without prejudice and without requiring Respondent to file a return. Petitioner filed a timely objection. (Dkt. No. 18.) As explained herein, the Court agrees with and ADOPTS the R & R as the order of the Court.

## I. Legal Standard

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C, § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In reviewing these pleadings, the Court is mindful of Petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## II. Discussion

Petitioner, who is currently incarcerated in Estill, South Carolina, pled guilty without a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). Because Petitioner had previously been convicted of four violent felonies, the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), required this Court to sentence Petitioner to the statutory mandatory minimum of 180 months' imprisonment.[1] The Court also sentenced Petitioner to five years of supervised release. Petitioner filed a direct appeal challenging the length of his sentence. The Fourth Circuit affirmed Petitioner's sentence on October 23, 2007 in an unpublished opinion. *See United States v. Gambrell*, 251 F. App'x 250 (4th Cir. 2007). Petitioner previously filed a *pro se* motion challenging his conviction pursuant to 28 U.S.C. § 2255 with this Court, but his motion was denied on October 29, 2008. *See Gambrell v. United States*, C/R 6:06-CR-1094-GRA-2, 2008 WL 4833008 (D.S.C. Oct. 29, 2008). The Fourth Circuit subsequently denied a certificate of appealability and dismissed Petitioner's appeal on March 9, 2009, in an unpublished opinion. *See United States v. Gambrell*, 315 F. App'x 460 (4th Cir. 2009).

---

[1] The ACCA imposes a mandatory minimum fifteen-year sentence on felons who have three or more previous convictions for "a violent felony or serious drug offense, or both," who unlawfully possess, among other things, firearms. *See* 18 U.S.C. § 1924(e).

2

Having been unable to successfully challenge his conviction pursuant to 28 U.S.C. § 2255, Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) However, Petitioner is clearly attacking the validity of his federal sentence, and "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Petitioner's claim challenging his sentence should be brought under § 2255 unless Petitioner can satisfy the savings clause of § 2255. *See San–Miguel v. Dove*, 291 F.3d 257, 260–61 (4th Cir. 2002).

The fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). For a § 2255 motion to be inadequate or ineffective to test the legality of a conviction, Petitioner must satisfy the test provided in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), which requires that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34. Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines, even as to a career criminal provision. *See United States v. Poole,* 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing *In re Jones,* 226 F.3d at 333–34); *see also*

3

*Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (concluding the petitioner's "challenge to his armed career criminal status is not cognizable in a § 2241 petition").

No precedential legal authority supports the notion that this Court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense. Petitioner claims that, because the Fourth Circuit held in *United States v. Hemingway*, 734 F.3d 323, 338 (4th Cir. 2013) that a conviction for common law assault and battery of a high and aggravated nature (ABHAN) is not "categorically an ACCA violent felony," Petitioner's ABHAN conviction cannot be used to enhance his sentence as a career criminal. (Dkt. No. 18 at 1.) However, *Hemingway* addresses only sentencing issues and does not involve the invalidation of a conviction or decriminalization of Petitioner's activities, so it cannot be the basis under Fourth Circuit precedent for an argument that the § 2255 remedy is inadequate or ineffective.

Moreover, it appears Petitioner meets the criteria for Armed Career Criminal independent of the ABHAN conviction. Specifically, Petitioner was convicted of *Burglary of a Dwelling First Degree and Larceny* on 11/22/91; *Pointing a Firearm* on 5/27/92[2]; and *Arson Second Degree and Burglary of a Dwelling First Degree* on 5/27/92; all qualifying convictions supporting Petitioner's status as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). (Presentence Investigation Report, *USA v. Howard et al*, Dkt. No. 37 at 6-8.) Therefore, even in light of *Hemingway*, it does not appear Petitioner's armed career offender status was improperly calculated.

Petitioner also mistakenly relies on the Fourth Circuit's decision in *Whiteside v. United States*, 748 F.3d 541, 545 (4th Cir. 2014) *reh'g en banc granted*, 2014 WL 3377981 (4th Cir.

---

[2] Although Petitioner was convicted of two of the predicate violent felonies on the same date, these felonies were committed on different occasions, and therefore satisfy 18 U.S.C. § 924(e)(1).

4

July 10, 2014). Contrary to Petitioner's assertion, *Whiteside* does not state that the improper application of an ACCA enhancement satisfies the savings clause under § 2255. (Dkt. No. 18 at 2.) In *Whiteside*, the court held that a petitioner could use a § 2255 motion to "challenge a sentence that was based on the career offender enhancement under the United States Sentencing Guidelines when subsequent case law reveals the enhancement to be inapplicable to him." 748 F.3d at 543. However, the court qualified this holding, stating, "We expressly do not decide whether the savings clause in § 2255(e) might justify relief from a *Simmons* sentencing error through the filing of a § 2241 petition." *Id.* at 546-547, n.4. Furthermore, the sentencing error at issue in *Whiteside* fell under the North Carolina sentencing regime, whereas all of Petitioner's predicate convictions were levied in South Carolina state courts.

Thus, Petitioner fails to present any law within this circuit that would allow this Court to apply the savings clause to Petitioner's claim of actual innocence of a sentence classification rather than actual innocence of a conviction. Rather, Fourth Circuit law is to the contrary. *See Poole*, 531 F.3d at 267 n.7. Petitioner has not established that § 2255 is inadequate or ineffective, and he has not raised a claim that may be presented in a § 2241 petition. Furthermore, it does not appear that Petitioner's armed career offender status was improperly calculated.

### III. Conclusion

Based on the above, the Court **ADOPTS** the R & R and **DISMISSES** the petition without issuance of process or requiring a response from Respondent.

**IT IS SO ORDERED.**

5

                                                                          Richard M. Gergel
                                                                          United States District Judge

October 21, 2014
Charleston, South Carolina

6